UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| HANNAH ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-04207-SLD-JEH |
| | ) |
| GROUP O, INC., | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is Plaintiff Hannah Alexander's Motion to Remand, ECF No. 2. For the following reasons, the motion is GRANTED.

BACKGROUND

On October 12, 2023, Plaintiff filed suit against Defendant in the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, Illinois, alleging state law employment discrimination claims. *See* Compl., Not. Removal Ex. A, ECF No. 1 at 5–20. Defendant was served on October 20, 2023, and timely filed a notice of removal on November 17, 2023 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See* Not. Removal 1–3, ECF No. 1 at 1–4. On November 28, 2023, Plaintiff timely moved to remand the case to state court, *see* 28 U.S.C. § 1447(c), arguing Defendant cannot meet its burden to show diversity of citizenship at the time of filing the complaint and at the time of removal, and that, therefore, removal is improper. Mot. Remand 1. Defendant did not respond.

DISCUSSION

I.  **Legal Standard**

A defendant may remove a civil action filed in state court to the federal district court where the action is pending so long as the federal court has original jurisdiction over the action.

1

28 U.S.C. § 1441(a).  Here, original jurisdiction is premised on diversity jurisdiction.  A court has diversity jurisdiction over an action where the amount in controversy exceeds $75,000 and "is between citizens of different States."  28 U.S.C. § 1332(a)(1).

The defendant, as the removing party, bears the burden of showing the existence of federal jurisdiction.  *Dancel v. Groupon, Inc.*, 940 F.3d 381, 385 (7th Cir. 2019).  The defendant must show that complete diversity existed "both at the time of the original filing in state court and at the time of removal."  *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016).  A corporation is considered to be a citizen of every state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The citizenship of a natural person is determined by the person's domicile, that is, the state "where the person is physically present with an intent to remain there indefinitely."  *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006).

"A defendant removing a case on diversity grounds must not only demonstrate that the case satisfies the requirements of 28 U.S.C. § 1332(a), but must also clear the additional hurdle of . . . the 'forum defendant rule.'"  *Morris v. Nuzzo*, 718 F.3d 660, 664–65 (7th Cir. 2013) (quotation marks omitted).  When the sole basis for federal jurisdiction is diversity, the forum defendant rule applies, meaning the action is not removable if any properly joined and served defendant "is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

## II.   Analysis

The Court must remand to state court for lack of subject matter jurisdiction on two grounds: (1) lack of complete diversity, and (2) the forum defendant rule.

The parties do not dispute that the amount in controversy exceeds $75,000 as is required for diversity jurisdiction.  *See* Not. Removal 2; Compl. 12.  Thus, the only dispute is whether

complete diversity exists. Defendant argues that complete diversity exists because Defendant is an Illinois corporation with its principal place of business in Milan, Illinois, and Plaintiff is a "citizen of the State of Iowa." Not. Removal 2. Defendant understandably relies on the following statement from the complaint: "[Plaintiff] is and was at all times material hereto a resident of Davenport, Scott County, Iowa." Compl. 1.

In her Motion to Remand, Plaintiff acknowledges she erred in using present-tense "is" in her complaint. Mot. Remand 1–2. She emphasizes, though, that her complaint alleged *residency*, not *citizenship*, and that "allegations of residency are insufficient to establish diversity jurisdiction." Mem. Supp. Mot. Remand 1–2, ECF No. 3 (quoting *Hayes-Murphy v. Gonzalez*, No. 12 cv 5899, 2012 WL 6590500, at *4 (N.D. Ill. Dec. 18, 2012)).

Citizenship of a natural person is based on domicile. *Hayes-Murphy*, 2012 WL 6590500, at *4. The two elements of domicile are: (1) physical presence or residence in a state and (2) intent to remain in the state. *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). "Domicile must be determined from the totality of the circumstances, and courts generally focus on such indicia as residence, voting practices, location of personal and real property, bank and brokerage accounts, membership in associations, place of employment, driver's license, auto registration, and payment of state taxes." *Mader v. Motorola, Inc.*, 175 F.3d 1020 (7th Cir. 1999); *see also* 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3612 (3d ed. 2023) (listing similar factors frequently considered by courts when determining a person's domicile); *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 424 (7th Cir. 2010) (finding that the plaintiff was domiciled in Arizona after she provided an affidavit attesting to permanent residence, voter registration, driver's license, and receipt of mail in Arizona).

Plaintiff states, and provides an affidavit swearing, that she had moved to Rock Island, Illinois with intent to remain in Illinois as of January 2023. Affidavit of Hannah Alexander ¶ 2, Mot. Remand Ex. 1, ECF No. 2-1 at 1–2. She further attests that she obtained her Illinois driver's license, registered to vote in Illinois, and transferred her children to Rock Island, Illinois schools. Affidavit ¶¶ 4–6; Driver's License, Affidavit Ex. A, ECF No. 2-1 at 3.

The Court easily concludes that Plaintiff's domicile was Illinois both at the time of filing the complaint and at the time of removal. Because Defendant concedes that it is an Illinois citizen, and the Court finds that Plaintiff too is an Illinois citizen, complete diversity is lacking, and the Court lacks subject matter jurisdiction.

Even if the parties had not addressed this issue, the Court has an obligation to raise the issue of subject matter jurisdiction *sua sponte* when it appears that it may be lacking. *See Buethe v. Britt Airlines, Inc.*, 749 F.2d 1235, 1238 n.3 (7th Cir. 1984); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, because Defendant is a citizen of Illinois, *i.e.*, the state where the suit was brought, the forum defendant rule applies and bars removal nonetheless. *See* 28 U.S.C. § 1441(b)(2). The Court must remand the case to state court on this basis as well.

## CONCLUSION

Accordingly, the Motion to Remand, ECF No. 2, is GRANTED. This case is REMANDED to the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, Illinois. The Clerk is directed to close the case.

Entered this 15th day of December, 2023.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE